**Salvatore A. TERRANO, Petitioner,**

v.

**OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.**

No. 02–3255.

United States Court of Appeals,
Federal Circuit.

DECIDED: Dec. 16, 2002.

Before MAYER, Chief Judge,
NEWMAN and BRYSON, Circuit Judges.

PER CURIAM.

Salvatore A. Terrano petitions for judicial review of the decision of the Merit Systems Protection Board, Docket No. AT831E010596–I–1, 91 M.S.P.R. 669, 2002 WL 522824, denying Mr. Terrano's application for a disability retirement annuity.[1] We have reviewed Mr. Terrano's arguments, but conclude that this petition is within the general preclusion of this court's review of factual issues of disability. *See* 5 U.S.C. § 8347; *Lindahl v. Office of Personnel Management,* 470 U.S. 768, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). No other basis of jurisdiction having been established, the appeal is *dismissed.*

## BACKGROUND

Mr. Terrano began his employment with the United States Postal Service on August 16, 1971. Conflict developed following the arrival of a new postmaster, Ron Herrington. Mr. Terrano was absent from work from May to November 1997. During this period he began treatment with Dr. Abbey Strauss, a psychiatrist, who noted that Mr. Terrano stated that he was abused and harassed by Mr. Herrington, and that this caused a sense of betrayal and insult. After Mr. Herrington was replaced as postmaster by Mr. Sal Vacca, Mr. Terrano returned to work.

On October 23, 1998 Mr. Terrano was placed on administrative leave after a series of complaints concerning his conduct and service. On October 5, 1999 Mr. Vacca issued a notice of proposed removal for charges relating to improper conduct, but this notice was replaced January 4, 2000 with a letter of warning and an order to return to work, taking cognizance of his twenty-eight years of service. Mr. Terrano did not return to work, claiming that the harassment he had endured caused him stress and anxiety, and on January 18, 2000 he filed an application for disability retirement. The application included Standard Form 3112A wherein he stated that a "stress disorder, acute anxiety disorder, depression, and detrimental emotional problem," interfered with his duties, that he was "unable to function in a postal environment," "think properly," or "assimilate and relate to other employees," and that he would "break down at the least incident."

OPM denied the application for disability retirement on the grounds that "[n]o connection [was] shown between [Mr. Terrano's] anxiety and depression and [his] service deficiencies," and that Mr. Terrano had not established that his medical condition was "incompatible" with performance of the duties of his position. The MSPB affirmed OPM's decision, and this appeal followed.

## JURISDICTION

Judicial review in disability retirement determinations is restricted by statute and

---

**1.** *Terrano v. Office of Personnel Management,* Docket No. AT831E010596–I–1, 91 M.S.P.R. 669, 2002 WL 522824 (March 7, 2002) (affirming OPM's reconsideration decision).

precedent. *See Anthony v. Office of Personnel Management,* 58 F.3d 620, 625 (Fed.Cir.1995). 5 U.S.C. § 8347(c) provides:

The Office [of Personnel Management] shall determine questions of disability and dependency arising under this subchapter. Except to the extent provided under subsection (d) of this section, the decisions of the Office concerning these matters are final and conclusive and are not subject to review. . . .

As established in *Lindahl v. Office of Personnel Management,* 470 U.S. 768, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985), the Supreme Court held that "MSPB decisions concerning retirement disability claims are reviewable in the first instance by the Federal Circuit pursuant to the jurisdictional grants in 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9)." *Id.* at 799. The Court also interpreted 5 U.S.C. § 8347 to preclude Federal Circuit review of the factual underpinnings of MSPB disability determinations under § 8347(c), allowing review to determine whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" *Id.* at 791 (quoting *Scroggins v. United States,* 184 Ct.Cl. 530, 397 F.2d 295, 297, *cert. denied* 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968)).

## ANALYSIS

Mr. Terrano states that the MSPB erred 1) "in determining that [he] failed to prove that [he] could not perform useful and efficient service in [his] position [as required under the Civil Service Retirement System in 5 C.F.R. §§ 831.1202–03] with the USPS, Manager, Customer Services," 2) "when it held that the issue in [his] case was 'a situational one,'" and 3) "in finding that it 'has consistently held

that stress, anxiety, depression, and discomfort from work are not sufficient to show that an appellant is unable to perform the specific duties of his position.'"

Mr. Terrano refers to the multiple letters from his psychiatrist diagnosing him with "an adjustment disorder with mixed features," and states that the evidence established that he "could not perform useful or efficient service with the USPS." Mr. Terrano asserts that the MSPB erroneously construed the law, citing the administrative judge's statement that "the Board has consistently held that stress, anxiety, depression, and discomfort at work are not sufficient to show that an appellant is unable to perform the specific duties of his position." *Terrano,* Docket No. AT831E010596–I–1 (Sept. 18, 2001) (Initial Decision at 6). However, the administrative judge also stated that occasional depression and "varying levels of anxiety [do] not require a finding that he was unable to perform his job duties." *Id.* Mr. Terrano asserts that these constructions of law and the Board's general position with respect to stress-related disability are incorrect, and "[go] to the heart of the administrative determination" (quoting *Lindahl,* 470 U.S. at 791).

OPM responds that Mr. Terrano is simply challenging the correctness of the Board's factual determination on the question of disability. We agree that Mr. Terrano's characterization of the Board's decision is inaccurate. The administrative judge referred to medical evidence and to testimony by both Mr. Terrano and his treating psychiatrist, Dr. Strauss, and made factual findings with respect to the evidence of disability. Our review of the merits of these findings is precluded by 5 U.S.C. § 8347 and *Lindahl.* The AJ's criterion, viewed in the context of Board decisions wherein the entirety of the record is reviewed to ascertain whether the employ-

ee has been able to perform his duties, *see Klein v. Office of Personnel Management,* 71 M.S.P.R. 366, 370–73 (1996), was not incorrect as a matter of law.

The appeal is therefore *dismissed* for absence of appellate jurisdiction.